JENNIE E. NEILSON, administratrix of John Neilson, deceased,

*v.*

IRA D. WILLIAMS and JANE G. WILLIAMS, his wife.

A surety on a guardian's bond, who has paid the amount found due from the guardian to his ward by the orphans court, for which the ward has obtained a judgment against the sureties on their bond, may file a bill for contribution without first obtaining a judgment at law against his cosurety; and may also compel discovery as to alleged fraudulent conveyances by the defendant since his liability on the bond was incurred, and grant relief if such fraud be established.

*Mr. R. S. Clymer,* for complainant.

*Mr. C. G. Garrison,* for defendants.

BIRD, V. C.

Mathews was appointed guardian of infants, and John Neilson and Ira D. Williams became his sureties. Mathews became insolvent. The orphans court, upon an accounting, found that there were in his hands and due to the wards $829.99, which he failed to pay. The complainant's intestate offered to pay his half of the amount so found due to the infants, and there is some proof that Williams, the other bondsman, agreed with Neilson to pay the other half. This, however, is denied by Williams, which, in my judgment, is not decisive of the case. The bond was prosecuted and judgment recovered thereon against the obligors. Execution was issued, the property of Neilson levied upon, when he paid the whole amount that remained due. Thus it will be observed that Neilson, one of the sureties, discharged the entire obligation by paying the $829.99, the amount which was adjudged to be due from the guardian by the judgment of the orphans court, together with the interest and costs of the judgment at law.

Neilson's administratrix brings this suit to recover from Williams, his cosurety, the one-half of the amount of money

which he has so paid, as well the one-half which he volun-
tarily paid after the judgment of the orphans court against
his principal, as the one-half of what he was compelled to pay
after the judgment at law against him and his cosurety. In
order to success in this direction, he found it necessary to com-
pel discovery by the defendants. This he attempted to do by
leave of Mr. Justice Parker, in the circuit court, under which
such discovery was made as to induce her to file this bill. In
the bill, she alleges that Williams was possessed of real estate,
and that after this liability was incurred and the inability of the
guardian to pay had been made certain, he conveyed his lands
to his wife for the purpose of preventing the complainant's col-
lecting the amount equitably due from him.

As I understood the counsel for the defendants, three objec-
tions are made to any decree against them: first, the complainant
has no standing in court; second, the conveyance was not fraudu-
lent, but *bona fide,* and for a valuable consideration ; and third,
a tender was made for the one-half of the judgment at law, in-
cluding costs and interests, and the cost of these proceedings up
to the time of the tender, which was refused. The propositions
thus involved we will consider.

Has the complainant a right to institute these proceedings ;
in other words, has the court jurisdiction of the case made by
the bill? It is urged that the want of jurisdiction arises from
the absence of any judgment at law in favor of the complainant
against the defendant. This objection, I think, beyond question,
must fail so far as concerns the judgment at law on the bond against
all the obligors. Surely this court would not require the idle
process of establishing again by a judgment in a court of law the
obligation which one of these parties is under to the other, since
the statute authorizes a court at law to proceed without any such
additional adjudication. And the force of this, I think, is con-
ceded in the fact that a tender was made; I conclude that the
court has jurisdiction of the case made by the bill.

Other things being established, can this court in this proceed-
ing compel the defendants to make disclosure of their transac-
tions which are alleged to be fraudulent, in order to secure the

payment of the amount which was voluntarily paid by Neilson after the judgment of the orphans court finding the amount due, without also obtaining a judgment of a court of law determining the amount due as between the sureties? It seems to me this should be answered in the affirmative. A judgment is not always necessary. It was so determined by the chancellor in *Haston* v. *Castner*, *2 Stew. Eq. 536*, and by the court of errors and appeals in the same case, *4 Stew. Eq. 697*. In that case the complainants had filed their claims under the statute with an executor. The estate in the hands of the executor proving insufficient to discharge all the debts for which the testator was liable in his lifetime, the complainants filed their bill to set aside certain conveyances which had been made by the testator in his lifetime to two of his children. No judgment was obtained upon the claims presented by the creditors, who were afterwards complainants in this court. Under the circumstances it was held that a judgment at law was not necessary. Without more, I think the spirit of the rule thus established ought to control this case.

But we have a case decided by the chancellor, and reviewed by the court of errors and appeals, more nearly like the one in hand. I refer to the case of *Shurts* v. *Howell*, *3 Stew. Eq. 418*, and *4 Stew. Eq. 796*. That case came before the chancellor after the case of *Haston* v. *Castner*, and was reviewed by the court of errors and appeals at the same time at which they disposed of *Haston* v. *Castner*. Shurts was the executor of Aller, and Aller and Howell were sureties to Wilcox on his bond as guardian. Wilcox became insolvent. The orphans court found and adjudged that he had in his hands $3,285. Aller's administrator paid the whole amount with interest. Howell refused to contribute in his lifetime, and after his death his administrator refused to contribute. Howell in his lifetime had made an assignment of a bond and mortgage to his daughter. Aller's administrator filed a bill asking the court to declare that assignment fraudulent. The assignee of the mortgage and the administrator were made parties. There was a demurrer to the bill; one of the points urged was the absence of a judgment at law.

The demurrer was overruled. In that case the proceedings show that the orphans court had fixed by its judgment the extent of the liability of the guardian. The court of errors adopted the views of the chancellor. It seems to me the rule there laid down is reasonable and just, and that any other would impose unnecessary hardships, risks and delays.

Looking at the case in hand, the judgment of the orphans court fixed the amount due from the guardian. The judgment was not appealed from, and so long as it is not attacked for fraud or mistake I think it should be accepted as conclusive upon the sureties of the guardian. Hence a judgment at law was unnecessary before the complainant filed this bill in order to compel his cosurety to pay one-half of the amount which the complainant had voluntarily paid, and to make disclosures respecting the conveyance of his property.

Look now at the question respecting the consideration. It is said that, prior to the marriage of Williams and his wife, he promised all he had, or that all he had or might have, was to be hers. I think this must go for naught. The marriage took place in 1866, but there was no conveyance until after the emergency created by the failure of Mathews in 1880. To my mind, this removes all doubt. But besides, Mrs. Mathews says she did not know but that she would have married Mr. Mathews anyhow. To accept of such an allegation, sustained only by the verbal testimony of the parties themselves, after the lapse of eighteen years, I think would be most dangerous, and wholly contrary to the policy of the law.

If I am correct in the foregoing views, the question of tender need not be considered; for, manifestly, the whole amount due was not tendered.

I think it is my plain duty to advise a decree for the complainant, in accordance with the prayer of her bill, with costs.